IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-00051-DAN

| | | |
|---|---|---|
| HARLEYSVILLE LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| RICHARD WAYNE HARRELSON, LINNIE BELL BRASWELL, DILLON DUBOISE, ORBIE LEE DUBOISE, PAUL DUBOISE, KATHRYN HINSON, KAY NEALEY, and MARY STEVENS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Richard Wayne Harrelson's (the "Defendant") motion to join a required party [DE-30]. No response was filed, and the matter is ripe for decision.

This is an interpleader action brought to determine the proper beneficiaries of life insurance proceeds from the death of Charles DuBoise. Defendant is the duly appointed and acting administrator of the estate of Joyce Gail Harrelson DuBoise (the "Estate"). He asserts that the Estate claims an interest in Charles DuBoise's life insurance proceeds and that it is a required party, proper for joinder under Rule 19 of the Federal Rules of Civil Procedure.

Rule 19 provides in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i) as a practical matter impair or impede the person's ability to protect the interest; or

      (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Defendant, as the Estate administrator, asserts that the Estate waives service of process and voluntarily submits to the jurisdiction of the Court. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the Defendants claim to be entitled to the proceeds of a group life insurance policy governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Therefore, the Court finds that joinder of the Estate would not deprive the Court of subject-matter jurisdiction.

Additionally, the Court finds that it cannot accord complete relief among the existing parties absent the Estate's joinder, because the Estate and the present Defendants claim an interest in the same proceeds that are at issue in this case. Alternatively, the Court finds that disposing of this case in the Estate's absence may impair the Estate's ability to protect its asserted interest or may leave the Defendants subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations were the Estate forced to seek relief in another action.

The Court concludes that joinder of the Estate is necessary and proper under Rule 19(a). Defendant's motion [DE-30] is **GRANTED**, and the estate of Joyce Gail Harrelson DuBoise shall be joined as a defendant in this action.

This the 18th day of October, 2010.

DAVID W. DANIEL
United States Magistrate Judge

2